LINDABURY McCORMICK ESTABROOK & COOPER, P.C.
Andrew J. Gibbs, Esq.
26 Broadway, Suite 2300
New York, NY 10004
Telephone: (212) 742-3390
-and-
53 Cardinal Drive, P.O. Box 2369
Westfield, New Jersey 07091
Telephone: (908) 233-6800
Facsimile:  (908) 233-5078
E-Mail: agibbs@lindabury.com
Attorneys for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| JAMES ANDREW FERNANDEZ | Case No. 17-12594-SHL |
| Debtor. | |
| WEIR WELDING COMPANY, INC., | Adv. Pro. No. 17- |
| Plaintiff, | |
| v. | |
| JAMES ANDREW FERNANDEZ, | |
| Defendant. | |

## COMPLAINT OBJECTING TO DISCHARGE

Plaintiff, Weir Welding Company, Inc., (hereinafter "Plaintiff") by and through his undersigned counsel objects to the entry of an order of discharge for James Andrew Fernandez ("Defendant") pursuant to 11 U.S.C. § 727, seeks a determination of dischargeability pursuant to 11 U.S.C. 523, and alleges the following:

2685118v2

## JURISDICTION

1. This is an adversary proceeding in which Plaintiff is seeking the denial of the Defendant's discharge and determination pursuant to 11 U.S.C. §§ 523, 541, and 727.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

4. Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 727.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) and Local Rule 1073-1.

## FACTS COMMON TO ALL COUNTS

6. This matter arises out of a construction project known as the Oculus at the World Trade Center Transportation Hub (hereinafter "Project").

7. The Project is publicly funded and owned by the Port Authority of New York and New Jersey.

8. Sperro Metal Products, LLC ("Sperro") was hired to supply certain custom steel and metal materials and services for the Project. Sperro thereafter entered into a subcontract with Plaintiff pursuant to which Plaintiff agreed to provide certain materials and services for the Project in return for agreed upon consideration.

9. Weir Welding, pursuant to its contract with Sperro, supplied all materials and serviced required by the agreement, however, was not paid the services provided.

10. On April 21, 2015, Defendant James A. Fernandez of Sperro acknowledged, in writing, the debt of $127,000.00 owed to Weir Welding, and promised to have the debt paid in full by August 15, 2015.

11. The funds due from Sperro and Defendant to Plaintiff were trust funds, by operation of Article 3A of the New York Lien Law.

2685118v2

12. When the promised payments were not made, Weir Welding commenced litigation against Sperro and Mr. Fernandez in the New Jersey Superior Court, Morris County.

13. On August 10, 2015 the Complaint was filed by Weir Welding, against Sperro and Defendant based upon the monies due and owing under that construction contract.

14. Final Judgment by Default was entered by this Court on January 7, 2016 in favor of Weir Welding and against Sperro and Defendant, jointly and severally, in the sum of $127,000.00.

15. Plaintiff levied on Defendant's residence in Mendham, New Jersey, which was in foreclosure but the sheriff was denied entry and unable to levy on any assets located in the State of New Jersey.

16. On or about February 17, 2016, one month after the final Judgment by Default was entered in favor of Plaintiff and against Defendant, Defendant transferred ownership of his condominium located at, 114 Liberty Street, #8, New York, New York 10006, (the "Property") to a limited liability company known as JLF 114 Liberty, LLC for a mere ten dollars.

17. On October 17, 2016, the Honorable Eileen A. Rakower, J.S.C. granted Plaintiff's Motion for Summary Judgment in Lieu of Complaint and entered a Judgment in New York against Defendant in the amount of $127,000.00 plus costs and disbursements.

18. On or about February 1, 2017, Plaintiff directed the Office of the Marshall of the City of New York to levy on all right, title and interest of Defendant in and to JLF 114 Liberty, LLC.

19. On February 6, 2017, the levy on Defendant's property was executed by the Marshall, giving Plaintiff a priority and secured position as to Mr. Fernandez's interest in JLF 114 Liberty, LLC.

20. On September 17, 2017, (the "Petition Date") Defendant filed a voluntary petition for relief (the "Petition") under Chapter 11 of the Bankruptcy Code, thereby initiating bankruptcy Case Number 17-12594-SHL (the "Main Case")

21. The Defendants Petition, Schedules, and Statement of Financial Affairs are part of the Court record and were signed by the Defendant under penalty of perjury (Dkt. Nos. 1, 13).

22. The Section 341 meeting of creditors was held on October 25, 2017.

23. On or about November 30, 2017, Plaintiff filed Proof of Claim (Claim No. 4), indicating that it is a secured creditor with a claim in the amount of $146,246.66, with a priority interest in Defendant's Property based on a perfected lien.

24. The following facts are based substantially on the documents filed in Defendant's Main Case and the Underlying case.

## COUNT I
## 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4)

25. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

26. The funds due from Defendant to Plaintiff were trust funds, by operation of Article 3A of the New York Lien Law, and Defendant has an affirmative duty to hold any and all such monies received in connection with the Project for Plaintiff and others similarly situated.

2685118v2

27. The funds received by Sperro and Defendant on this Project are public funds and constitute trust funds in the hands of a contractor for the benefit and payment of all laborers, materialmen, suppliers, and subcontractors.

28. Defendant breached his duty by converting those trust funds received on the Project for uses other than to pay Plaintiff.

29. By converting trust funds Defendant is liable to Plaintiff for misappropriation of trust funds, and this liability is not subject to discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

(a) determining that the Plaintiff's claims against the Defendant' arising out of the Defendant's conversion of trust funds are non-dischargeable pursuant to 11 U.S.C. § 523 (a)(2)(A) and 11 U.S.C. § 523(a)(4) of the Bankruptcy Code;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

## COUNT II
## 11 U.S.C. § 523(a)(2)(A)

30. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

31. Defendant obtained money, property, services, or an extension, renewal, or refinancing of credit, from Plaintiff by false pretenses, a false representation, or actual fraud.

32. As a result of Defendant's improper actions, his debts to the Plaintiff are not dischargeable under 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

(a) determining that the Plaintiff's claims against the Defendant' arising out of the Defendant's misrepresentations and fraudulent conduct are non-dischargeable pursuant to 11 U.S.C. § 523 (a)(2)(A) of the Bankruptcy Code;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

## COUNT III
## 11 U.S.C. § 523(a)(2)(B)

33. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

34. Defendant obtained money, property, services or an extension, renewal or refinancing of credit from the Plaintiff by use of written statements representing his financial condition that were materially false, on which the plaintiff reasonably relied, and that were made with the intent to deceive Plaintiff.

35. As a result of Defendant's improper actions, his debts to the Plaintiff are not dischargeable under 11 U.S.C. § 523(a)(2)(B).

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

2685118v2

(a) determining that the Plaintiff's claims against the Defendant' arising out of the Defendant's misrepresentations and fraudulent conduct are non-dischargeable pursuant to 11 U.S.C. § 523 (a)(2)(B) of the Bankruptcy Code;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

## COUNT IV
## 11 U.S.C. § 523(a)(4)

36. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

37. Defendant, as an officer of Sperro, is indebted to Plaintiff because of Defendant's fraud or defalcation while acting in his fiduciary capacities, embezzlement and/or larceny.

38. As a result of Defendant's improper actions, his debts to the Plaintiff are not dischargeable under 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

(a) determining that the Plaintiff's claims against the Defendant' arising out of the Defendant's misrepresentations and fraudulent conduct are non-dischargeable pursuant to 11 U.S.C. § 523 (a)(4) of the Bankruptcy Code;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

## COUNT V
## 11 U.S.C. § 727(a)(2)(A)

39. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

40. The Defendant has, with an intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the estate, within the year immediately preceding the Petition Date.

41. As a result of Defendant's improper actions, his debts to the Plaintiff are not dischargeable under 11 U.S.C. § 727(a)(2)(A).

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

(a) determining that the Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) of the Bankruptcy Code;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

## COUNT VI
## 11 U.S.C. § 727(a)(4)(A)

42. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

43. In failing to disclose substantial interests and assets of the estate, the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

44. As a result of Defendant's false oath or account, the Defendant should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

(a) determining that Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4)(A) of the Bankruptcy Code;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

## COUNT VII
## 11 U.S.C. § 541(d)

45. Plaintiff re-alleges and incorporates herein the allegations contained in the prior paragraphs of the Complaint.

46. Alternatively, a constructive trust has arisen over Defendant's property prior to the Petition Date due to the existence of a confidential or fiduciary relationship between Plaintiff and the Defendant, an express or implied promise made by Defendant to Plaintiff, a transfer of the subject res made in reliance on that promise, and the unjust enrichment of the Defendant.

47. As a result of the constructive trust in favor of Plaintiff, Plaintiff's interest in the Defendant's Property should be determined outside the property of the estate pursuant to 11 U.S.C. § 541(d)

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendant:

(a) imposing a constructive estate pursuant to 11 U.S.C. § 541(d), to the extent of Plaintiff's interest in Defendant's Property;

(b) determining the amount owed by the Defendant to the Plaintiff;

(c) awarding to Plaintiff reasonable costs and attorneys' fees; and

(d) for such other and further relief the Court deems just and equitable.

Lindabury, McCormick, Estabrook & Cooper, P.C.
Andrew J. Gibbs, Esq.
Attorneys for Weir Welding Company, Inc.
26 Broadway, Suite 2300
New York, NY 10004
Telephone: (908-233-6800
Fax: (908)233-6800
By: /s/ Andrew J. Gibbs
       Andrew J. Gibbs

2685118v2